IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AHARON L. ATOMANCZYK, TDCJ #736187, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-17-0719 |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, et al., | § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

State inmate Aharon L. Atomanczyk has filed a First Amended Complaint for Injunctive and Declaratory Relief, Damages, and Attorneys' Fees ("Amended Complaint") (Docket Entry No. 21), concerning his accommodations and access to religious services while incarcerated in the Texas Department of Criminal Justice ("TDCJ"). Defendants TDCJ and Executive Director Bryan Collier have filed a Partial Motion to Dismiss Atomanczyk's claim for compensatory damages pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("Defendants' Motion") (Docket Entry No. 65). Atomanczyk has filed Plaintiff's Response in Opposition to Defendants' Partial Motion to Dismiss ("Plaintiff's Response") (Docket Entry No. 66), and the defendants have filed a Reply in Support of Their Partial Motion for Judgment on the Pleadings Pursuant to Rule 12(c) ("Defendants' Reply") (Docket Entry No. 69).

After considering all of the pleadings and the applicable law, the court will deny Defendants' Motion for the reasons explained below.

## I. Background

The background and procedural history of this case has been set forth previously and will not be repeated at length.[1] For purposes of the pending motion, the allegations that form the basis for Atomanczyk's claims concerning his accommodations and access to religious services while in prison are summarized briefly below.

Atomanczyk describes himself as an "Ultra-Orthodox Jewish" inmate,[2] who is "permanently disabled" as the result of multiple sclerosis.[3] From 2013 to 2015 Atomanczyk was assigned to the Stringfellow Unit in Rosharon, where he participated in TDCJ's "Enhanced Jewish Services Program."[4] The Enhanced Jewish Services Program, which is only available at the Stringfellow Unit, features a "kosher meals program, Jewish studies program, chaplaincy program, and prayer services program."[5] As a participant in this program, Atomanczyk had access to meals prepared in "a kosher

---

[1]Memorandum Opinion and Order, Docket Entry No. 46, pp. 1-8. For purposes of identification, all page numbers refer to the pagination assigned at the top of each document by the court's electronic filing system, CM/ECF.

[2]Amended Complaint, Docket Entry No. 21, p. 4 ¶ 13.

[3]Id. at 5 ¶ 17.

[4]Id. ¶ 16.

[5]Id.

kitchen providing a nutritionally sufficient kosher diet, weekly communal Shabbat prayer services at the direction of an ordained Orthodox rabbi, daily communal prayer services, weekly rabbinic visits, and on-site chaplaincy services."[6]

To accommodate Atomanczyk's disability, which is "degenerative and will worsen over time," prison classification officials have limited his housing options to "single-level medical units" operated by TDCJ.[7] As a result of this classification decision, Atomanczyk was transferred from the Stringfellow Unit in December of 2015.[8] Initially, Atomanczyk was sent to the Jester III Unit, which offers a "Basic Jewish Services Program" that does not offer inmates the same opportunity to exercise their religious beliefs as the Enhanced Jewish Services Program that is available only at the Stringfellow Unit.[9] Most notably, the Jester III Unit lacks a kosher kitchen.[10] Atomanczyk was later transferred to the Stiles Unit, which, like Jester III, features a Basic Jewish Services Program, but no kosher kitchen.[11]

---

[6] Id. at 3-4 ¶ 11.

[7] Id. at 5 ¶ 17. Atomanczyk explains that his symptoms include dizzy spells, difficulty with balance, lethargy, recurring seizures, and vision problems, which restrict him from assignment to second or third-floor housing, as well as bunk beds, because of an inability to climb. Id. ¶¶ 17, 18.

[8] Id. ¶ 19.

[9] Id. at 3 ¶ 10, 6-7 ¶ 24.

[10] Id. ¶ 11.

[11] Id. ¶¶ 10-11.

Atomanczyk, who is now at the Polunsky Unit, filed this lawsuit alleging TDCJ violated the Religious Land Use and Institutionalized Persons Act (the "RLUIPA"), the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act ("RA") when it assigned him to the Jester III Unit, which accommodated his disability, but effectively excluded him from the Enhanced Jewish Services Program and the availability of kosher meals offered at the Stringfellow Unit.[12] Atomanczyk requested access to kosher food and the Enhanced Jewish Services Program in all TDCJ facilities.[13]

With the assistance of counsel, Atomanczyk filed an Amended Complaint against TDCJ and Executive Director Collier.[14] The Amended Complaint asserts that the defendants have violated the RLUIPA, the ADA, and the RA, by excluding Atomanczyk from the Enhanced Jewish Services Program on account of his disability.[15] Atomanczyk contends in particular that by removing him from the Stringfellow Unit, which is the only TDCJ facility with a kosher kitchen, he has been denied "access to kosher meals (let alone a

---

[12]Verified Original Complaint [for] Declaratory Judgment and Injunctive Relief Only ("Original Complaint"), Docket Entry No. 1, pp. 4-10.

[13]Id. at 10-11.

[14]Amended Complaint, Docket Entry No. 21, pp. 2-3 ¶¶ 6, 7. The Amended Complaint also listed Stiles Unit Warden Wayne Brewer in his official capacity. Id. at 3 ¶ 8. Brewer was dismissed as a party after Atomanczyk was transferred from the Stiles Unit, mooting any claim against Warden Brewer. See Order of Dismissal, Docket Entry No. 48.

[15]Amended Complaint, Docket Entry No. 21, pp. 9-12.

nutritionally sufficient kosher diet), weekly communal Shabbat prayer services at the direction of an ordained Orthodox rabbi, daily communal prayer services, weekly rabbinic visits, and on-site chaplaincy services — all of which non-disabled Jewish prisoners receive at the Stringfellow Unit" through the Enhanced Jewish Services Program.[16]

Atomanczyk seeks injunctive relief in the form of a court order requiring the defendants to provide him with all of the benefits of the Enhanced Jewish Services Program, including access to a nutritionally sufficient kosher diet, and he also seeks compensatory damages under the RA.[17] The defendants note that Atomanczyk's allegations primarily concern mental or emotional anguish due to limitations on his ability to practice his religious beliefs.[18] Arguing that Atomanczyk has not suffered a physical injury as a result of the deprivations alleged in the Amended Complaint, the defendants maintain that his claim for compensatory damages is barred by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e).[19] Therefore, the defendants move to dismiss Atomanczyk's claim for compensatory damages under Rule 12(c) of the Federal Rules of Civil Procedure.[20]

---

[16]Id. at 5-6 ¶ 19.

[17]Id. at 11-12 ¶¶ 1-4.

[18]Defendants' Motion, Docket Entry No. 65, p. 1.

[19]Id. at 1-3.

[20]Id.

## II. Standard of Review

Rule 12(c) provides that "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." A motion for judgment on the pleadings under Rule 12(c) is determined by the same standards applicable to a motion under Rule 12(b)(6), which authorizes dismissal for failure to state a claim upon which relief may be granted. See Phillips v. City of Dallas, 781 F.3d 772, 775 (5th Cir. 2015); In re Great Lakes Dredge & Dock Co. LLC, 624 F.3d 201, 209-10 (5th Cir. 2010). A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." Turner v. Pleasant, 663 F.3d 770, 775 (5th Cir. 2011) (citation and internal quotation marks omitted). Dismissal is appropriate, however, if a complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

When considering a motion to dismiss under Rule 12(b)(6), a reviewing court must "accept[] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." Alexander v. AmeriPro Funding, Inc., 848 F.3d 698, 701 (5th Cir. 2017) (citation and internal quotation marks omitted). Federal pleading rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard found in Rule 8 does not require "heightened fact pleading of specifics." Twombly, 127

S. Ct. at 1974. "Determining whether the plausibility standard has been met is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Turner, 663 F.3d at 775 (quoting Iqbal, 129 S. Ct. at 1950). To survive a motion to dismiss, the factual allegations in the complaint need only be "enough to raise a right to relief above the speculative level[.]" Twombly, 127 S. Ct. at 1965. Under this standard "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. (quoting Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974)).

### III. Discussion

The PLRA, which governs this case, precludes a federal civil action by a prisoner for "mental or emotional injury" without a showing of physical injury. 42 U.S.C. § 1997e(e). The Fifth Circuit has held that this restriction "applies to all federal civil actions" filed by prisoners, "making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." Geiger v. Jowers, 404 F.3d 371, 375 (5th Cir. 2005). A prisoner may not recover compensatory damages under statutory remedial schemes found in the ADA or the RA without a prior showing of physical injury.[21] See Cassidy v. Indiana Dep't of Corrections,

---

[21]Assuming that his claim for compensatory damages is barred for lack of a physical injury, Atomanczyk suggests that he may still be entitled to nominal or punitive damages, which are not
(continued...)

199 F.3d 374, 376-77 (7th Cir. 2000) (holding that § 1997e(e) applies to bar claims for compensatory damages for disability-based discrimination under the ADA and RA without a showing of prior physical injury); Davis v. District of Columbia, 158 F.3d 1342, 1348-49 (D.C. Cir. 1998) (holding that § 1997e(e) precludes prisoner's claim for emotional injury under the ADA if there is no prior showing of physical injury); see also Edler v. Hockley County Comm'rs Court, 589 F. App'x 664, 670-71 (5th Cir. 2014) (per curiam) (rejecting an inmate's claim for damages under the ADA without proof of a physical injury pursuant to § 1997e(e)).

The defendants argue that Atomanczyk's allegation that he has been wrongfully excluded from the Enhanced Jewish Services Program does not support a claim for damages because he does not allege facts showing that the deprivation has caused a physical injury.[22] The Amended Complaint filed by Atomanczyk, however, plainly asserts his exclusion from the Enhanced Jewish Services Program has resulted in the denial of meals prepared in a kosher kitchen, which has deprived him of access to "nutritionally sufficient kosher food" for over 18 months.[23] The denial of nutritionally adequate

---

[21](...continued)
precluded by § 1997e(e). See Plaintiff's Response, Docket Entry No. 66, p. 12 n.3 (citing Hutchins v. McDaniels, 512 F.3d 193, 197-98 (5th Cir. 2007)). Atomanczyk has not requested punitive damages; nor are they recoverable under the ADA or the RA. See Barnes v. Gorman, 122 S. Ct. 2097, 2013 (2002).

[22]Defendants' Motion, Docket Entry No. 65, p. 3.

[23]Amended Complaint, Docket Entry No. 21, pp. 5-6 ¶ 19.

meals carries potentially serious consequences because, as Atomanczyk explains, he suffers from a disabling medical condition (multiple sclerosis), which requires "a high-calorie diet[.]"[24] The symptoms of his condition, which is degenerative, include "dizzy spells, difficulty with balance, and lethargy," but also "recurring seizures, hot and cold sensation loss in his extremities," and problems with his vision.[25] Pointing to his medical condition, Atomanczyk alleges that the defendants are "imperiling [his] health" by denying him access to a nutritionally sufficient kosher diet.[26]

Like the injury component necessary for stating a violation of the Eighth Amendment, the physical injury requirement found in § 1997e(e) requires harm that is "more than de minimis, but need not be significant." Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). Courts have held that lack of access to a kosher diet, without proof of the requisite physical injury, does not state a claim for compensatory damages. See Searles v. Van Bebber, 251 F.3d 869, 876-66 (10th Cir. 2001) (construing § 1997e(e) to bar a jury verdict for damages in a claim that prison officials denied the plaintiff a kosher diet); Ciempa v. Jones, 745 F. Supp. 2d 1171, 1201 (N.D. Okla. 2010) (dismissing claims for damages stemming from the lack of a religious "pork-free hygienic" diet on

---

[24]Id. at 5 ¶ 17.

[25]Id.

[26]Id. at 9 ¶ 26.

summary judgment where the plaintiff failed to demonstrate the requisite physical injury for purposes of § 1997e(e)); Broyles v. Marks, Civil No. 18-3030-SAC, 2018 WL 2321822, at *4-5 (D. Kan. 2018) (dismissing claims for compensatory damages under § 1997e(e) where the plaintiff failed to demonstrate a physical injury as the result of receiving a kosher diet with only limited options).

Atomanczyk argues that the adverse effect on his physical health due to the lack of adequate nutrition may be reasonably inferred from the allegations in his Amended Complaint.[27] In particular, he argues that the lack of a nutritionally adequate kosher diet has resulted in weight loss that has aggravated his multiple sclerosis, worsening his physical condition.[28] In response, the defendants argue that mere weight loss is insufficient to rise above the level of de minimis harm.[29] The defendants point to two unpublished district court cases that found that weight loss is not sufficient to demonstrate a more-than-de minimis physical injury absent a showing that medical attention was required.[30] See Amir-Sharif v. Dallas County, Civil No. 3:06-143, 2006 WL 2860552, at *7 (N.D. Tex. Oct. 5, 2006); see also Parker v. Carter, Civil No. 4:13-0365, 2013 WL 3157913, at *3 (S.D. Tex. June 20, 2013) (concluding that emotional trauma, anxiety, and

---

[27]Plaintiff's Response, Docket Entry No. 66, pp. 9-10, 11-12.

[28]Id.

[29]Defendants' Reply, Docket Entry No. 69, pp. 2-3.

[30]Defendants' Reply, Docket Entry No. 69, p. 4.

depression resulting in 38-pound weight loss was insufficient to demonstrate the requisite physical injury to warrant compensatory damages under § 1997e(e)).

Atomanczyk's claims, however, appear to concern more than the prospect of mere weight loss due to the lack of adequate nutrition. He alleges that the lack of nutritionally adequate kosher food has "imperil[ed]" his health due to a pre-existing medical condition, which requires a high-calorie diet.[31] The Fifth Circuit has left open the possibility that a denial of adequate nutrition that places an inmate's health at risk, such as weight loss or "other adverse physical effects," could meet the threshold showing of harm that is actionable under the Eighth Amendment. See Berry v. Brady, 192 F.3d 504, 508 (5th Cir. 1999); Talib v. Gilley, 138 F.3d 211, 214 n.3 (5th Cir. 1998). Although the Fifth Circuit has not addressed this precise question, at least one circuit court of appeals has held that substantial weight loss stemming from an inadequate diet satisfies the physical injury requirement found in § 1997e(e) in the context of a claim involving an inmate's request for a specific religious diet. See Pratt v. Corrections Corp. Of America, 124 F. App'x 465, 467, 2005 WL 332136, at *2 (8th Cir. 2005) (per curiam) (concluding that a prisoner who alleged a 30-pound weight loss while eating vegetarian meals that lacked adequate nutritional value sufficiently alleged a physical injury stemming from the denial of a Halal diet).

---

[31]Amended Complaint, Docket Entry No. 21, p. 9 ¶ 26.

Taking the facts alleged as true, and construing all inferences in Atomanczyk's favor as the non-movant, the court concludes that Atomanczyk adequately alleges a plausible claim that he has been subjected to conditions of confinement from which a physical injury has resulted or may have resulted due to the effect that the lack of adequate nutrition may have had on his medical condition. While Atomanczyk will have to prove the requisite physical injury to recover at trial, his allegations are sufficient under the federal pleading standard to allow his Amended Complaint to proceed. See Boyd v. Wright, Civil No. 09-1357, 2011 WL 777713, at *6 (C.D. Ill. 2011) (observing that the plaintiff, who alleged that he was denied a nutritionally adequate vegan diet to comply with his religious beliefs, would still bear the burden of proving at trial that he suffered a physical injury as a result of the violation of his First Amendment rights). The court therefore concludes that the defendants have not established that § 1997e(e) bars his claim for compensatory damages under the RA for his exclusion from the Enhanced Jewish Services Program and a nutritionally sufficient kosher diet. Therefore, Defendants' Motion under Rule 12(c) will be denied.

## IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** that Defendants Texas Department of Criminal Justice and Bryan Collier's Partial Motion to Dismiss Pursuant to Rule 12(c) (Docket Entry No. 65) is **DENIED**.

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 26th day of June, 2018.

                                    SIM LAKE
                    UNITED STATES DISTRICT JUDGE